IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARSHIA, INC.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-2122-L** |
| | § | |
| **TRAVELERS CASUALTY INSURANCE** | § | |
| **COMPANY OF AMERICA, and** | § | |
| **BRADLEY DYKES KINCAID**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Arshia, Inc.'s Unopposed Motion to Remand, filed October 1, 2012. After consideration of the motion and applicable law, the court **grants** Plaintiff Arshia, Inc.'s Unopposed Motion to Remand.

**I.    Background**

Arshia, Inc. ("Plaintiff" or "Arshia") originally filed this action in County Court at Law No. 4, Dallas County, Texas, against Travelers Casualty Insurance Company of America ("Travelers") on May 23, 2012. On July 3, 2012, Travelers removed this action to federal court on the grounds that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs.

On August 20, 2012, the court granted Arshia leave to file an amended pleading, and Arshia filed Plaintiff's First Amended Complaint and Complaint for Declaratory Judgment on August 21, 2012. In the amended pleading, Arshia added Bradley Dykes Kincaid ("Kincaid") as a defendant.

**II.     Applicable Law**

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties.  28 U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.  *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant.  *Getty Oil Corp. v. Insurance Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988).  Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation

omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to adequately allege the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

**III.    Discussion**

Arshia is a Texas corporation with its principal office or place of business in Dallas County, Texas. As the record reflects, Travelers' place of incorporation and principal place of business are in Connecticut, and it is therefore a citizen of the state of Connecticut. Plaintiff's First Amended Complaint does not set forth the citizenship of Kincaid; however, Arshia alleges that Kincaid is "an insurance agent who resides in the State of Texas and conducts business in the State of Texas." Pl.'s

Unopposed Mot. to Remand 2.  This is the only allegation that indicates Kincaid could be a citizen of Texas.

Ordinarily, this court would not conclude that diversity exists when a pleading or other document only establishes the residency of an in-state defendant.  This is because residency and citizenship, as previously explained, are not the same, and the law is that diversity of *citizenship* must exist, not diversity of *residency*; however, in light of Kincaid residing in Texas and his nonopposition to remand, the court reasonably infers that he is a citizen of Texas.

The court allowed Arshia to amend its pleadings and add Kincaid as a party.  Once a court allows joinder of an in-state or nondiverse defendant after the action is removed, it must remand the action to state court.  28 U.S.C. § 1447(e).  As Kincaid is a Texas citizen, diversity is destroyed, and the court must remand the action to state court.

## IV.   Conclusion

For the reasons herein stated, the court **remands** this action to County Court at Law No. 4, Dallas County, Texas, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.  The clerk of court shall effect this remand in accordance with the usual procedure.  As the removal of this action was objectively reasonable, the court **disallows** any award of attorney's fees and costs incurred in obtaining a remand of this case.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).

**It is so ordered** this 4th day of October, 2012.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge